UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**JANINE BARNES and JULIE FOURNIER,**

    Plaintiffs,

v.                                        Case No.  8:11-cv-2827-T-30EAJ

**BAYSIDE ORTHOPAEDICS, INC., et al.,**

    Defendants.
_____/

## ORDER

THIS CAUSE comes before the Court upon the Plaintiffs' Motion to Remand (Dkt. #3), the Defendants' Response (Dkt. #12), and the Plaintiffs' Reply (Dkt. #16).  Upon consideration, the Court concludes that the Motion to Remand should be granted.

## Background

This products liability suit was originally filed by Plaintiffs against Bayside Orthopaedics, Inc. in state court in Pinellas County, Florida, Bayside's principal place of business.  Plaintiffs allege they received defective DePuy hip implant prosthetic devices supplied by Bayside.

After about seven months of discovery, Plaintiffs joined the remaining Defendants.  The new Defendants, not being Florida citizens, removed the case to this Court on the basis of diversity of citizenship.  28 U.S.C. § 1332.  But, like Plaintiffs, Bayside is a citizen of

Florida and complete diversity did not exist. As a result, Plaintiffs moved to remand the case to state court.

Defendants claim Bayside was fraudulently joined in this action to defeat diversity and is an improper party. A fraudulently joined party must be dismissed if a defendant shows that "there is no possibility that plaintiff can establish a cause of action against the resident defendant." *Florence v. Crescent Res., LLC*, 484 F.3d 1293, 1297 (11th Cir. 2007).

Allegations that DePuy's ASR™ hip implant devices are defective are not new. In December 2010, the Multi-District Litigation (MDL) panel decided that cases involving the ASR™ devices should be centralized into an MDL court to eliminate duplicative discovery and avoid inconsistent pretrial rulings. *In Re: DePuy Orthopaedics, Inc.*, MDL No. 2197, 2010 WL 4940348, at *1 (J.P.M.L. Dec. 3, 2010). This case has been conditionally transferred to the judicial panel for consideration of joining it with the approximately 3,300 cases currently pending in MDL No. 2197. The conditional order of transfer allows this Court discretion to entertain the Motion to Remand or leave it to be transferred with the case for the MDL judge to resolve. In the circumstances of this case, the Court concludes that it is appropriate for this Court to resolve the remand issue.

## Discussion

Plaintiffs' Amended Complaint asserts a strict liability claim against Bayside claiming that it is in the distributive chain of the hip replacement device. In Florida, strict liability extends to those in the distributive chain including the manufacturer and other entities responsible for the sale of a prosthetic device. *Porter v. Rosenberg, M.D., FACS*, 650 So.2d

79, 81 (Fla. 1995). The rationale underlying strict liability for those in the chain of distribution is explained in *Porter*:

> Retailers like manufacturers are engaged in the business of distributing goods to the public. They are an integral part of the overall producing and marketing enterprise that should bear the cost of injuries resulting from defective products.

*Id.* at 81-82.

Generally doctors are not subject to strict liability for implanting a defective device incidental to the provision of medical services. Courts have treated the health care provider more like the user of the product rather than a distributor. *Id.* at 82. Pharmacists are treated in a similar manner. Strict liability does not apply to pharmacists if they simply dispense prescription drugs without taking part in their preparation. *Fontanez v. Parenteral Therapy Assocs.*, 974 So.2d 1101, 1104 (Fla. 5th DCA 2007).

Defendants claim Bayside cannot be liable in strict liability in Florida because it neither placed the product in the stream of commerce nor was it ever in the position to control the risk of harm that it may cause. Defendants contend DePuy, not Bayside, is the entity responsible for the design, manufacture and sale of the hip replacement device involved in this case. They argue Bayside "does not negotiate prices for, enter into any contracts of sale, accept payment for, take title to, or even open or examine the ASR™ prostheses." Defendants' Response (Dkt. #12), p. 11.

Plaintiffs contend that Bayside is properly joined and is the type of supplier that can be liable under strict liability in Florida. They argue Bayside marketed the devices to

orthopedic surgeons, distributed literature concerning the device, informed doctors about the products, and responded to doctors' questions concerning the safety of the device. Plaintiffs contend that Bayside also assisted the orthopedic surgeons in the planning of the hip replacement surgeries pointing to the deposition of Ronald Todd Cook, co-owner of Bayside:

> Q: Does a Bayside sales rep play any role in the determination of the size of the components to be used?
>
> A: They will template the cases with the surgeons.
>
> Q: Can you explain how that works?
>
> A: Templating is an exercise that we use clear replicas of the implant sizes and you overlay them on to x-rays and that will determine a guesstimate anyway, a preoperative guesstimate on what size you may use during the surgery.

Plaintiffs' Reply (Dkt. #16), Ex. 3, p. 17.

It is undisputed that Bayside received commissions from DePuy for the marketing and sales of the product in question. Entities that play an active role in promoting a particular product within the chain of distribution to the general public are strictly liable for any defect in the product. For example, a doctor, who is not ordinarily liable for implanting a defective device, may be liable in strict liability if he performs a role having similar attributes to that of a seller or promoter of the product. As the Florida Supreme Court explained in *Porter*:

> We recognize, however, that there are instances when a physician transfers a product to a patient via a medical procedure in which the physician may be performing a role that has some attributes similar to a retailer or other seller of a product. The manufacturer may be relying on the physician to promote its particular product within the chain of distribution to the general public.

* * *

> Therefore, if distributing products is part of the healthcare provider's business and the sales or distribution aspect in the particular transaction between the healthcare provider and the patient predominates over the services aspect an action in strict liability may lie against the healthcare provider.

*Porter*, 650 So.2d 79, 82-83.

Bayside marketed and promoted the product at issue in this case. That places it in the chain of distribution to the surgeons and the general public. Therefore, it may be subject to an action in strict liability for any defect in the product. The Court concludes Bayside is not fraudulently joined in this action and that this case should be remanded.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiffs' Motion to Remand (Dkt. #3) is GRANTED.

2. The Clerk of this Court is directed to **remand** this case to the Circuit Court for the Sixth Judicial Circuit in and for Pinellas County, Florida. The Clerk is also directed to forward a certified copy of this Order to that Court.

3. Plaintiffs' request for attorney fees is denied.

4. The Clerk is directed to CLOSE this file and terminate any pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on January 19, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2011\11-cv-2827.remand 3.frm